United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF JONG WON PAIK,

Applicant,

Case No. 26-mc-80100-NW

**ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

Re: ECF No. 7

Applicant Jong Won Paik filed this *ex parte* application for an order pursuant to 28 U.S.C. § 1782 for discovery from Google LLC (which has its headquarters and principal offices in Mountain View, California) for Paik's use in a foreign proceeding. ECF No. 7 ("Appl.") at 2.[1] Having considered Paik's memorandum, supporting evidence, and the relevant legal authority, the Court GRANTS IN PART AND DENIES IN PART the application for the reasons set forth below.[2]

## I. BACKGROUND

Paik is the Chief Executive Officer of The Born Korea Co., Ltd., a company incorporated in the Republic of Korea that specializes in food service and food manufacturing. Appl. at 2. Paik asserts he is also a well-known figure in the media, headlining several culinary programs, including *Jong Won Paik's Alley Restaurant*. *Id.*; ECF No. 7-2 ("Paik Decl.") ¶ 3. Google owns

---

[1] Record citations are to material in the Electronic Case File ("ECF"); unless otherwise noted, pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Paik filed his application twice, on April 8, 2026, and May 22, 2026. ECF Nos. 1, 7. As the two applications are duplicative, the Court STRIKES the April 8, 2026, filing.

United States District Court
Northern District of California

and operates YouTube and maintains its principal office in Mountain View, California. Appl. at 2; ECF No. 7-1 ("Chong Decl.") ¶ 8 & Ex. 1.

Paik seeks to discover personal identifying information regarding an unknown user operating the YouTube channel "믿어유 100 (the "User").[3] Appl. at 2; 믿어유 100, YouTube, (last visited June 4, 2026), Youtube.com/@믿어유 100. User posted three videos about Paik: (1) "Paik Jong-won, recipe thief pretending to be a judge;"[4] (2) "Paik Jong-won, whose recipes were stolen by more talented participants;"[5] and (3) "Paik Jong-won deceiving people with 'top-tier cooking.'"[6] Paik Decl. ¶ 9; *see id.* Exs. 1–4. Paik alleges that these videos contain false and defamatory content about him and tarnish his credibility on the global stage. Paik Decl. ¶¶ 7–9. All three videos were available for public viewing as of March 27, 2026. *Id.* ¶ 9.

On March 11, 2026, Paik filed a civil defamation lawsuit against User in the Seoul Central District Court pursuant to Article 750 of the Civil Act of the Republic of Korea (the "Korean Civil Case"). Appl. at 2–3; Chong Decl. ¶ 4. According to Kyongsok Chong, Paik's attorney in the Korean Civil Case, Paik has pleaded a *prima facie* case of defamation, and identifying User is necessary for him to proceed with his Korean Civil Case. Appl. at 3; Chong Decl. ¶ 6. Because Google is a foreign entity and is not a party to Paik's Korean Civil Case, there are no procedural means available in the Republic of Korea to allow Paik to identify User. Chong Decl. ¶ 10.

Paik seeks this Court's authorization to conduct limited discovery by serving a subpoena on Google that seeks User's personal identifying information:

> **REQUEST FOR PRODUCTION NO. 1.** — Personal Identifying Information
> DOCUMENTS sufficient to show the following information ever

---

[3] Romanized, the YouTube channel is "Mideoyu 100."

[4] 믿어유 100, *Paik Jong-won, recipe thief pretending to be a judge* (YouTube, June 25, 2025), https://www.youtube.com/shorts/fOctHEn5lIA.

[5] 믿어유 100, *Paik Jong Won, whose recipes were stolen by more talented participants* (YouTube, July 1, 2025), https://www.youtube.com/shorts/dHQ7a6Pcc2M.

[6] 믿어유 100, *Paik Jong Won deceiving people with "top-tier cooking"* (YouTube, August 4, 2025), https://www.youtube.com/shorts/K6rzqiJ8-KM.

> registered with the ACCOUNTS[7] and any Google Ads, Google AdSense, or Google Pay accounts that are registered to, linked to, or otherwise associated with the ACCOUNTS:
>
> (i) ALL names;
> (ii) ALL dates of birth;
> (iii) ALL physical addresses;
> (iv) ALL e-mail addresses;
> (v) ALL telephone numbers; and
> (vi) ALL bank names and account numbers of any linked bank accounts.
>
> **REQUEST FOR PRODUCTION NO. 2** — Account Registration and Creation Data
> DOCUMENTS sufficient to show the account registration information and account creation data for the ACCOUNTS, including the date of account creation, the device used, and any verification information provided at the time of registration.
>
> **REQUEST FOR PRODUCTION NO. 3** — Access Logs
> DOCUMENTS sufficient to show the ten (10) most recent Access Logs for the ACCOUNTS recorded immediately prior to the date of compliance with this Subpoena, including the IP address, port number, and timestamp of each access event.
>
> Access Logs are requested for the purpose of enabling identification of the subscriber associated with a given IP address, port number, and timestamp.
>
> **REQUEST FOR PRODUCTION NO. 4** — Monetization and Payment Information
>
> DOCUMENTS sufficient to show any Google AdSense, Google Ads, or Google Pay account information — including payment, billing, or financial information — that is registered to, linked to, or otherwise associated with the ACCOUNTS.
>
> **REQUEST FOR PRODUCTION NO. 5** — Associated Devices
> DOCUMENTS sufficient to show any device identifiers (including device type, operating system, and unique device identifiers) associated with logins to the ACCOUNTS.

Appl. at 14–15.

Paik contends that courts in the Republic of Korea are generally receptive to assistance from United States courts, and that he does "not seek to circumvent any restrictions imposed by

[7] The RFPs define "Accounts" as "all Google accounts and YouTube accounts that are used to sign in to, are registered to, linked to, or otherwise associated with the YouTube Channel, including but not limited to accounts held by Administrators, Owners, Managers, Editors, and Communication Managers." Appl. at 14.

United States District Court
Northern District of California

the judicial system in the Republic of Korea by submission of this Application." *Id.* at 6; *see* Chong Decl. ¶ 9.

## II. LEGAL STANDARD

### A. Discovery Pursuant to 28 U.S.C. § 1782

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The statute outlines a three-part test in deciding whether to grant a Section 1782 application: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *In re Ex Parte Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citation omitted). As soon as the three statutory requirements have been met, "district courts still retain discretion to decide whether to grant discovery under Section 1782." *In re Gliner*, 133 F.4th 927, 932–33 (9th Cir. 2025).

The Supreme Court provided several non-exclusive factors (the "*Intel* factors") to guide district courts' discretion:

> (1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request is an 'attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery requested is 'unduly intrusive or burdensome.'

*In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *1 (quoting *Intel Corp.*, 542 U.S. at 264–65).

**B. *Ex Parte* Filing of Application**

Section 1782 petitions are regularly reviewed on an *ex parte* basis. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976); *In re Gliner*, 133 F.4th 927, 930 n.1 (9th Cir. 2025). Orders granting Section 1782 applications typically provide only that discovery is "authorized." The party from which discovery is requested may still raise objections and exercise due process rights by challenging the discovery authorization with a motion to quash; this mitigates any concerns about potential unfairness in granting the application on an *ex parte* basis. *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file *ex parte* applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (footnote and internal quotation marks omitted). The Court finds that granting this Application on an *ex parte* basis does not violate Google's due process rights.

**III. DISCUSSION**

In determining whether to grant Paik's request, the Court first considers the three-part test under Section 1782, then weighs the four *Intel* factors.

**A. 28 U.S.C. § 1782 Threshold Three-Part Test**

Paik meets the threshold requirements of Section 1782's three-part test. First, "the discovery sought is from a person residing in the district court to which the application is made" because Paik seeks discovery from Google, which is principally located in Mountain View, California, within the Northern District of California's jurisdiction. *See* Appl. at 4. Second, "the discovery is for use in a proceeding before a foreign tribunal" because Paik seeks to use the discovery he requests from Google to support his civil lawsuit against User in Korea. *Id.* Lastly, Paik qualifies as an "interested person" because he is the plaintiff in the pending Korean Civil Case. *Id.* Accordingly, Paik satisfies the three-part test under Section 1782. *See In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *1.

**B. *Intel* Factors**

After establishing that the three-part test under Section 1782 has been satisfied, the Court retains discretion to decide what discovery, if any, should be permitted. The Court accordingly weighs the four *Intel* factors to determine the scope of discovery.

**1. Participant in a Foreign Proceeding**

The first *Intel* factor asks whether the corporation "from whom discovery is sought is a participant in the foreign proceeding." *Intel Corp.*, 542 U.S. at 264. If the corporation is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "a foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Paik does not seek to make Google a participant, and nothing in the record suggests that Google will otherwise be a party to the Korean Civil Case. *See* Appl. at 5; Chong Decl. ¶ 12. As a nonparticipant, evidence from Google remains outside the Seoul Central District Court's jurisdictional reach. This factor weighs in favor of granting the application.

**2. Nature of Foreign Tribunal and Receptivity to U.S. Judicial Assistance**

The second *Intel* factor requires the Court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. There is no evidence suggesting that a court in the Republic of Korea would be unreceptive to the discovery Paik seeks. To the contrary, courts in this District have found that courts in the Republic of Korea are generally receptive to discovery taken in the United States pursuant to Section 1782. *See, e.g.*, *In re Request for Jud. Assistance from Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023) (granting *ex parte* Section 1782 application to issue subpoena to Meta on request from the Seoul Central District Court in Seoul, Republic of South Korea); *In re Starship Ent. Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023) (granting *ex parte* Section 1782

application to obtain from Google limited discovery related to identities of anonymous users on YouTube for use in potential legal action in Korea); *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1022 (N.D. Cal. 2023) (granting *ex parte* Section 1782 application to issue subpoena to Google on request from the National Court Administration of the Republic of Korea). This factor weighs in favor of granting the application.

**3. Attempt to Circumvent Foreign Proof-Gathering Restrictions**

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264–65. Nothing in the application or its supporting documents suggests that Paik is attempting to circumvent restrictions in the Republic of Korea or in the United States. *See* Appl. at 7. Paik seeks to unveil the identity of an anonymous user and hold them legally accountable for their online speech. At least two courts within this District suggest that this character of request may raise First Amendment concerns. *See United States v. Google LLC*, 690 F. Supp. 3d 1011, 1022 (N.D. Cal. 2023) ("[W]here the record does not indicate that anonymous speakers are entitled to First Amendment protections, U.S. free-speech principles should not be determinative factors in a district court's evaluation of a § 1782 application."); *In re Plan. & Dev. of Educ., Inc.*, No. 21-mc-80242-JCS, 2022 WL 228307, at *4 (N.D. Cal. Jan. 26, 2022) ("[T]he third discretionary factor may also weigh against granting an application that conceals an attempt to contravene the First Amendment's purpose without justification. Even where the speakers appear to be 'foreign citizens outside U.S. territory' who 'do not possess rights under the U.S. Constitution' . . . the principles underlying the First Amendment may counsel a court of the United States against exercising its discretion to aid in punishing speech that would be protected in this country.") (citation omitted). As nothing in the record suggests that User is a United States citizen, and the online speech in question is allegedly defamatory towards Paik, First Amendment concerns are likely inapplicable. *See Google*, 690 F. Supp. 3d at 1021–22. Further, although Google possesses the discovery that Paik seeks, it is a non-party in the United States that is outside the Seoul Central District Court's reach. This factor therefore weighs in favor of granting the application.

United States District Court
Northern District of California

### 4. Undue Intrusion or Burden

The fourth *Intel* factor considers whether the requested discovery is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Paik seeks two categories of information to identify User: (1) information to ascertain User's identity, and (2) User's financial information.

#### a. Personally Identifiable Information

Paik seeks documents sufficient to identify User's name, date of birth, physical and email addresses telephone numbers, bank names and account numbers; account registration and creation data; access logs; and associated devices. Appl. at 7, 14.

This request is not "unduly intrusive or burdensome," as Google likely maintains this personal identifying information in the ordinary course of its business. Chong Decl. ¶ 7; *see In re Hattori*, No. 21-mc-80236-TSH, 2021 WL 4804375, at *5 (N.D. Cal. Oct. 14, 2021) ("personal identifying information such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of personal identifying information such as access log for very limited periods of time . . . [is] information . . . stored by Google in the ordinary course of its business" and "not unduly intrusive or burdensome"); *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *1, 5 (N.D. Cal. July 25, 2019) (request for the "name, address, email address, and telephone number of the anonymous account holder [who made allegedly defamatory statements] and account holder settlement information (enough information to refer to credit card company for credit card payments)" was "narrowly tailored and . . . not overly intrusive"); *In re Roebers*, No. C12-80145 MISC RS LB, 2012 WL 2862122, at *1, 3 (N.D. Cal. July 11, 2012) (subpoena for documents identifying persons who accessed the applicant's accounts, the IP addresses of those persons, and the actions those persons took when they accessed the applicant's account was not unduly burdensome, as "[i]nternet service providers and operators of communications systems are generally familiar with this type of discovery request").

**b. Financial Information**

Paik also proposed RFPs that seek documents that do or could reveal User's personal banking information. Specifically, RFP No. 1(vi) seeks "ALL bank names and account numbers of any linked bank accounts," and RFP No. 4 seeks "DOCUMENTS sufficient to show any Google AdSense, Google Ads, or Google Pay account information — including payment, billing, or financial information . . ." Appl. at 14–15. Paik explains that he needs this information because "[i]f [the] name, address, and date of birth lead to nowhere because that information registered was false, then through the telephone number, e-mail address, or banking information of the User, Mr. Paik can obtain a court warrant in the Republic of Korea to retrieve information of the person's name and date of birth." *Id.* at 8 (citing Chong Decl. ¶ 11).

Nothing in the record before the Court suggests that User registered his or her accounts using fictitious information. *See In re Kim*, No. 24-MC-80152-EJD, 2024 WL 3297071, at *4 (N.D. Cal. July 2, 2024) ("[T]here are no facts to suggest that these [YouTube and Google] accounts are registered under fictitious information, and the Court will not authorize the release of private information as sensitive as bank account numbers based on an unfounded assumption. Given that Applicant has provided no concrete reason as to why this information is necessary for its action at this time, Applicant has not shown how this request is narrowly tailored to the subject matter of their action."). Paik's request for this information is premature. He may renew his request for User's financial information if he discovers that the name and contact information that User provided to Google is false.

* * *

The Court finds that the fourth *Intel* factor favors granting Paik's application as to RFP No. 1(i)–(v) for User's name, date of birth, physical address, email address, and telephone number, and RFP Nos. 2, 3, and 5, but not as to the request in RFP No. 1(vi) for "ALL bank names and account numbers of any linked bank accounts" and RFP No. 4 for "DOCUMENTS sufficient to show any Google AdSense, Google Ads, or Google Pay account information — including payment, billing, or financial information — that is registered to, linked to, or otherwise associated with the ACCOUNTS."

To further alleviate any potential burden, the Court ORDERS that the return date for Paik's subpoena must be at least 45 days after the date Paik serves the subpoena.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Paik's Section 1782 application. Paik may serve the subpoena attached to his application (Appl. at 14) once the return date has been amended and RFP No. 1(vi) and RFP No. 4 have been removed consistent with this Order. The Court's grant of Paik's application is without prejudice to any motion to quash that Google or any other appropriate party may file.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California